IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DARA G. BONDS                                                                     PLAINTIFF

v.                             CIVIL NO. 21-cv-3015

KILOLO KIJAKAZI, Acting Commissioner                    DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Dara G. Bonds, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

Plaintiff protectively filed her application for DIB on September 19, 2018. (Tr. 11). In her application, Plaintiff alleged disability beginning on November 20, 2017, due to: rheumatoid arthritis, irritable bowel syndrome with incontinence, urinary tract infections, headaches, generalized anxiety, depression, chronic pain, borderline intellectual assessment, verbal comprehension in the low average range, and working memory in the extremely low range. (Tr. 11, 240). An administrative hearing was held via telephone on July 21, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 11, 32–68). A vocational expert (VE) also testified at the hearing.

On August 27, 2020, the ALJ issued an unfavorable decision. (Tr. 8–30). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments

that were severe: degenerative disc disease of the lumbar spine, panic disorder, borderline intelligence, pain disorder, anxiety, degenerative joint disease of the left ankle and foot, rheumatoid arthritis, mild degenerative joint disease of the hands and wrists, and degenerative joint disease of the knees. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15–16). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. § 404.1567(b) except no climbing ladders, ropes or scaffolds, occasional stooping, crouching, kneeling and crawling; frequently handle bilaterally; avoid concentrated exposure to excessive vibration. Can make simple work related decisions; Can maintain concentration, persistence and pace for simple tasks[.] Can understand, carry out and remember simple work related instructions and procedures; Can adapt to changes in the work setting [that] are simple, predictable and can be easily explained; Can have Routine and Superficial interaction with co-workers, supervisors and the public. (Tr. 16–23).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work, but could perform the requirements of the representative occupations of marker and clerk. (Tr. 24–25). The ALJ found Plaintiff was not disabled from November 20, 2017, through June 30, 2020, the date last insured. (Tr. 25). Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff presents the following points on appeal: 1) whether the ALJ's RFC was supported by proper evidence; and 2) whether the ALJ erred by not ordering consultative examinations. (ECF No. 15). Defendant argues the ALJ properly considered Plaintiff's testimony alleging joint pain in her finger and wrists, as well as the treatment records, response to treatment, and radiographic imaging. (ECF No. 16). Defendant argues the ALJ had sufficient evidence to make a decision, and was not required to order additional consultative examinations. *Id*.

The Court has reviewed the entire transcript and the parties' briefs, and agrees with Defendant's assertion that this case was decided based upon a well-developed record and was supported by substantial evidence. While the opinions of Dr. Bunting and Dr. Hester were prior to the alleged onset date, they were informative with regard to Plaintiff's limitations as they concerned a mental impairment that was not alleged to have changed and the ALJ properly assessed a limited persuasive value in correlation to the evidence within the period of review. (Tr. 23). The ALJ also carefully considered Plaintiff's physical impairments, including the arthritis in her hands and wrists, taking into consideration her reports of pain and activies as well

as medical evidence including blood tests, treatment records, response to medication, X-ray results, and opinion evidence. (Tr. 19–21). The ALJ considered and found mostly persuasive the opinions of nonexamining physicians Dr. William Harrison and Dr. Jonathon Norcross, but found Plaintiff had additional limitations including no more than frequent handling bilaterally and no concentrated exposure to excessive vibration. (Tr. 23).

For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive, and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 15th day of April 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4